O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DWAYNE L. JACKSON,                    )    NO. EDCV 12-00606-MAN
                                      )
            Plaintiff,                )
                                      )    MEMORANDUM OPINION
        v.                            )
                                      )    AND ORDER
CAROLYN W. COLVIN,[1]                 )
Acting Commissioner of Social         )
Security,                             )
                                      )
            Defendant.                )
_____)

        Plaintiff filed a Complaint on May 3, 2012, seeking review of the denial of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  On June 15, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge.  The parties filed a Joint Stipulation on January 31, 2013, in which:  plaintiff seeks an order reversing the Commissioner's decision

_____
        [1]    Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action.  (*See* Fed. R. Civ. P. 25(d).)

1   and   remanding   this   case   for   further   administrative   proceedings,

2   including,   but   not   limited   to,   the   taking   of   additional   vocational

3   testimony; and the Commissioner requests that his decision be affirmed

4   or,   alternatively,   remanded   for   further   administrative   proceedings.

5

6                    **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

7

8        Plaintiff filed an application for a period of disability, DIB, and

9   SSI   on   August   20,   2007.      (Administrative   Record   ("A.R.")   20.)

10   Plaintiff, who was born on April 22, 1960,[2] claims to have been disabled

11   since February 1, 2001 (A.R. 22), due to chronic pain in his back and

12   legs, right foot pain, left shoulder pain, nervousness, and depression

13   (A.R.   35,   67,   73).      Plaintiff   has   past   relevant   work   experience   as   a

14   school bus driver.   (A.R. 25.)

15

16        After the Commissioner denied plaintiff's claims initially and upon

17   reconsideration (A.R. 67-71, 73-78), plaintiff requested a hearing (A.R.

18   79).    On April 29, 2010, plaintiff, who was represented by counsel,

19   appeared and testified at a hearing before Administrative Law Judge

20   Mason D. Harrell, Jr. (the "ALJ").   (A.R. 32-62.)   Vocational expert

21   David A. Rinehart also testified.   (*Id.*)   On May 20, 2010, the ALJ

22   denied   plaintiff's   claim   (A.R.   20-27),   and   the   Appeals   Council

23   subsequently denied plaintiff's request for review of the ALJ's decision

24   (A.R. 1-4). That decision is now at issue in this action.

25

26   ────────────────────

27        [2]    On the alleged onset date, plaintiff was 40 years old, which
    is   defined   as   a   younger   individual.      (A.R.   25;   citing   20   C.F.R.
28   §§ 404.1563, 416.963.)

                                          2

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff met the insured status requirements of the Social Security Act through March 31, 2003, and has not engaged in substantial gainful activity since February 1, 2001, the alleged onset date of his disability. (A.R. 22.) The ALJ determined that plaintiff has the severe impairments of status post gunshot wound to the left shoulder and depression. (*Id.*) The ALJ concluded, however, that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.*)

The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform less than the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following limitations:

> [plaintiff] is limited to simple repetitive tasks. He can
> lift up to 20 pounds with his left arm but he cannot use his
> left arm to do work above shoulder level. He cannot perform
> fast paced work or work that requires hypervigilance. He
> cannot work with the public and his interactions with co-
> workers and supervisors should be non-intense. He would miss
> work 2 or less times per month.

(A.R. 23.)

3

1    The ALJ found that plaintiff is unable to perform his past relevant

2 work.  (A.R. 25.)  However, based upon his RFC assessment for plaintiff

3 and after having considered plaintiff's age, education,[3] work experience,

4 and the testimony of the vocational expert, the ALJ found "there are

5 jobs that exist in significant numbers in the national economy that

6 [plaintiff] can perform," including "electronics worker" and "sewing

7 machine operator."  (A.R. 26.)  Accordingly, the ALJ concluded that

8 plaintiff has not been under a disability, as defined in the Social

9 Security Act, from February 1, 2001, through the date of the ALJ's

10 decision.  (A.R. 27.)

11

12                          **STANDARD OF REVIEW**

13

14    Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's

15 decision to determine whether it is free from legal error and supported

16 by substantial evidence in the record as a whole.  Orn v. Astrue, 495

17 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant

18 evidence as a reasonable mind might accept as adequate to support a

19 conclusion.'"  Id. (citation omitted).  The "evidence must be more than

20 a mere scintilla but not necessarily a preponderance."  Connett v.

21 Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the

22 record can constitute substantial evidence, only those 'reasonably drawn

23 from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063,

24 1066 (9th Cir. 2006)(citation omitted).

25

26    Although this Court cannot substitute its discretion for that of

27 _____

28    [3]    The ALJ found that plaintiff has at least a high school
education and is able to communicate in English.  (A.R. 26.)

4

1    the Commissioner, the Court nonetheless must review the record as a

2    whole, "weighing both the evidence that supports and the evidence that

3    detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of</u>

4    <u>Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also*

5    <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is

6    responsible for determining credibility, resolving conflicts in medical

7    testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d

8    1035, 1039 (9th Cir. 1995).

9

10    The Court will uphold the Commissioner's decision when the evidence

11    is susceptible to more than one rational interpretation.  <u>Burch v.</u>

12    <u>Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may

13    review only the reasons stated by the ALJ in his decision "and may not

14    affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d

15    at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse

16    the Commissioner's decision if it is based on harmless error, which

17    exists only when it is "clear from the record that an ALJ's error was

18    'inconsequential to the ultimate nondisability determination.'" <u>Robbins</u>

19    <u>v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(quoting <u>Stout v.</u>

20    <u>Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d

21    at 679.

22

23                              **DISCUSSION**

24

25    Plaintiff claims the ALJ erred by not considering properly:

26    (1) plaintiff's subjective symptom testimony; and (2) the RFC assessment

27    for plaintiff.  (Joint Stipulation ("Joint Stip.") at 4-6, 13-17, 22-

28    23.)

1    **I.    The ALJ Failed To Provide Clear And Convincing Reasons**
2          **For Finding Plaintiff's Subjective Symptom Testimony To**
3          **Be Not Credible.**

4

5         Once a disability claimant produces objective medical evidence of
6    an underlying impairment that is reasonably likely to be the source of
7    claimant's subjective symptom(s), all subjective testimony as to the
8    severity of the symptoms must be considered.  Moisa v. Barnhart, 367
9    F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 346
10   (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a)
11   (explaining how pain and other symptoms are evaluated).  "[U]nless an
12   ALJ makes a finding of malingering based on affirmative evidence
13   thereof, he or she may only find an applicant not credible by making
14   specific findings as to credibility and stating clear and convincing
15   reasons for each."   Robbins, 466 F.3d at 883.   The factors to be
16   considered in weighing a claimant's credibility include:   (1) the
17   claimant's reputation for truthfulness; (2) inconsistencies either in
18   the claimant's testimony or between the claimant's testimony and her
19   conduct; (3) the claimant's daily activities; (4) the claimant's work
20   record; and (5) testimony from physicians and third parties concerning
21   the nature, severity, and effect of the symptoms of which the claimant
22   complains.  *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
23   2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

24

25        At the April 29, 2010 administrative hearing, plaintiff testified
26   that he has:   major depression; chronic back pain; aching legs; bad
27   circulation in his knees; and arthritis in his right ankle.  (A.R. 35,
28   37-38.)  Plaintiff also testified that he was shot in his left shoulder

1   and "can't function with it like [he] normally could."   (A.R.  44.)

2   Plaintiff indicated that he presently is taking Darvocet[4] for his pain

3   and Lexapro for his depression.   (A.R.  46, 50.)   With respect to his

4   physical limitations, plaintiff testified that he has difficultly

5   sitting for long periods of time due to his impairments. (A.R. 46.) He

6   also testified that he has problems using his left hand.   (A.R.

7   47.)   For example, plaintiff stated that he has difficulty lifting

8   anything that weighs 20 pounds, because "it strains [his] back shoulder

9   section."   (*Id.*)   He also stated that he limits himself to "smaller

10  tasks around the house so that [he does not] continue to reinjure or re-

11  aggravate [his] shoulder."   (*Id.*)   With respect to his depression,

12  plaintiff testified that:  he has no energy; it is hard for him to "get

13  up [and] get going in the morning"; he "pretty much stay[s] to

14  [him]self"; he has problems concentrating; he has "very low confidence"

15  and is "always in fear . . . of someone finding something or [a] reason

16  to fire [him]"; he has no motivation; he does not trust anyone; and he

17  has crying spells.  (A.R. 50-54.)

18

19       The ALJ found that plaintiff has the severe impairments of "status

20  post gunshot wound to the left shoulder, and depression."   (A.R.  22.)

21  The ALJ cited no evidence of malingering by plaintiff.  Accordingly, the

22  ALJ's reasons for discrediting plaintiff's subjective complaints must be

23  clear and convincing.

24

25       In his decision, the ALJ found that "[plaintiff]'s allegations were

26  not fully credible."  (A.R. 25.)  In finding plaintiff to be not fully

27  ───────────────────

28       [4]    Plaintiff indicated that the Darvocet causes him to sleep for
    a few hours during the day.  (A.R. 50-51.)

7

1 credible, the ALJ stated that "[plaintiff]'s statements concerning the
2 intensity, persistence and limiting effects of the alleged symptoms are
3 credible only to the extent that they are consistent with [the ALJ's RFC
4 assessment for plaintiff]." (*Id.*) Contrary to the Commissioner's
5 contention, no others reasons were cited by the ALJ for finding
6 plaintiff to be not credible.[5] As noted *supra*, plaintiff testified to
7 various symptoms and limitations. While the ALJ may find these
8 allegations to be not credible, the ALJ's boilerplate statement is not
9 "sufficiently specific" to allow this Court to determine whether the ALJ
10 rejected plaintiff's statements on permissible grounds. Therefore, the
11 ALJ's reasoning does not constitute a clear and convincing reasons, as
12 required, for finding plaintiff to be not credible.

13

14      Accordingly, because the ALJ failed to give clear and convincing
15 reasons for finding plaintiff to be not credible, the ALJ committed
16 reversible error.

17

18      **II.   The ALJ Failed To Consider Properly The Opinion Of**
19              **Plaintiff's Treating Physician, And Therefore, On Remand,**
20              **The ALJ Needs To Revisit Plaintiff's RFC.**

21

22      Plaintiff claims that the ALJ erred in failing to include in his
23 assessment of plaintiff's RFC the opinion of consultative psychiatrist
24 Ernest A. Bagner, M.D., that plaintiff would have mild to moderate

25 _____

26      [5]   While the Commissioner now offers other reasons to explain the
ALJ's credibility determination, the Court cannot entertain these post
27 hoc rationalizations. *See, e.g.,* Connett, 340 F.3d at 874 (finding that
"[i]t was error for the district court to affirm the ALJ's credibility
28 decision based on evidence that the ALJ did not discuss").

8

1   limitations with respect to handling normal stresses at work -- the

2   inclusion of which could have affected the ALJ's determination that

3   plaintiff can perform other work.  (Joint Stip. at 4-6, 13-14.)

4

5        It is the responsibility of the ALJ to analyze evidence and resolve

6   conflicts in medical testimony.  Magallanes v. Bowen, 881 F.2d 747, 750

7   (9th Cir. 1989).  In the hierarchy of physician opinions considered in

8   assessing a social security claim, "[g]enerally, a treating physician's

9   opinion carries more weight than an examining physician's, and an

10  examining physician's opinion carries more weight than a reviewing

11  physician's."  Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir.

12  2001); 20 C.F.R. §§ 404.1527(d), 416.927(d).

13

14       An ALJ must provide "clear and convincing reasons" for rejecting

15  the uncontradicted opinion of an examining physician.  Lester v. Chater,

16  81 F.3d 821, 830 (9th Cir. 1995).  To reject the contradicted opinion of

17  an examining physician, an ALJ must provide "specific and legitimate

18  reasons that are supported by substantial evidence in the record."  *Id.*

19  at 830-31.  The opinion of an examining physician may constitute

20  substantial evidence upon which an ALJ may rely in assessing a

21  claimant's RFC, if it is properly supported by the medical evidence.

22  *See, e.g.*, Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

23  2001)(consultative examiner's opinon on its own constitute substantial

24  evidence, because it rested on independent examination of claimant).

25

26       In determining a claimant's RFC, an ALJ will consider all the

27  relevant evidence in the record.   20 C.F.R. §§ 404.1545(a)(1),

28  416.945(a)(1).  In so doing, the ALJ will consider all claimant's

1  medically determinable impairments, including those that are not

2  "'severe.'"  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  The ALJ also

3  will consider "any statement about what [the claimant] can still do that

4  have been provided by medical sources."  20 C.F.R. §§ 404.1545(a)(3),

5  416.945(a)(3).

6

7       In a March 27, 2008 psychiatric evaluation, Dr. Bagner diagnosed

8  plaintiff with, *inter alia*, depressive disorder, not otherwise

9  specified, and alcohol abuse.  (A.R. 235.)  Dr. Bagner opined that

10  plaintiff would have:  "no limitations interacting with supervisors,

11  peers or the public"; "zero to mild limitations maintaining

12  concentration and attention and completing simple tasks"; "mild

13  limitations completing complex tasks and completing a normal workweek

14  without interruption"; and "*mild to moderate limitations handling normal*

15  *stresses at work*."  (A.R. 236; emphasis added.)

16

17       In his decision, the ALJ summarized the various medical opinions

18  regarding plaintiff's mental impairment and resulting limitations.  For

19  example, the ALJ noted:  (1) Dr. Bagner's diagnoses and opinions

20  regarding plaintiff's mental impairment and functional limitations; (2)

21  treatment notes from Stuart Finkelstein, M.D., which indicated that

22  plaintiff was depressed and drinking alcohol; and (3) the opinion of the

23  State Agency psychiatrist who opined that plaintiff's mental impairment

24  was non-severe.  (A.R. 24-25.)  After summarizing the various opinions,

25  the ALJ stated that notwithstanding the opinion of the State Agency

26  psychiatrist, the ALJ was giving plaintiff "the benefit of the doubt by

27  finding that his depression results in some work-related mental

28  limitations." (A.R. 25.)  Notably, however, the ALJ never specifically

1  indicated the physician's opinion upon which he relied in determining

2  the extent of plaintiff's mental limitations.

3

4      Although not entirely clear, it appears that the ALJ afforded the

5  greatest weight to the opinion of Dr. Bagner, because many of Dr.

6  Bagner's limitations are reflected in the ALJ's RFC assessment for

7  plaintiff.  For example, consistently with Dr. Bagner's opinion, the

8  ALJ's RFC assessment for plaintiff includes a limitation to simple

9  repetitive tasks and no "fast paced" work or work that requires

10 hypervigilance.  However, the ALJ's RFC assessment does not incorporate

11 Dr. Bagner's opinion that plaintiff would have mild to moderate

12 limitations in handling normal stresses at work.  While the ALJ need not

13 accept the full extent of Dr. Bagner's opinion, the ALJ may not reject

14 it, or significant parts of it, without giving specific and legitimate

15 reasons for so doing.  *See* Salvador v. Sullivan, 917 F.2d 13, 14 (9th

16 Cir. 1990)(mere summarization and implicit rejection of physician's

17 opinion does not suffice).  The ALJ's failure to proffer any reason, let

18 alone an appropriate reason, for failing to incorporate properly and/or

19 to explain the dismissal of a portion of Dr. Bagner's opinion

20 constitutes error.[6]  Accordingly, on remand, the ALJ needs to properly

21 consider Dr. Bagner's opinion and revisit his RFC assessment for

22 plaintiff.

23 ///

24 ///

25 _____

26      [6]   Although the Commissioner now offers other reasons to explain
   the ALJ's rejection of the opinion of Dr. Ahmed, the Court cannot
   entertain these post hoc rationalizations.  *See, e.g.,* Orn, 495 F.3d at
27 630 ("We review only the reasons provided by the ALJ in the disability
   determination and may not affirm on a ground upon which he did not
28 rely").

1        **III. Remand Is Required.**

2

3        The decision whether to remand for further proceedings or order an

4   immediate award of benefits is within the district court's discretion.

5   Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).   Where no

6   useful purpose would be served by further administrative proceedings, or

7   where the record has been fully developed, it is appropriate to exercise

8   this discretion to direct an immediate award of benefits.  *Id.* at 1179

9   ("[T]he decision of whether to remand for further proceedings turns upon

10  the likely utility of such proceedings.").   However, where there are

11  outstanding issues that must be resolved before a determination of

12  disability can be made, and it is not clear from the record that the ALJ

13  would be required to find the claimant disabled if all the evidence were

14  properly evaluated, remand is appropriate.  *Id.* at 1179-81.

15

16       Remand is the appropriate remedy to allow the ALJ the opportunity

17  to remedy the above-mentioned deficiencies and errors.  *See* Dodrill v.

18  Shalala, 12 F.3d 915, 918 (9th Cir. 1993)(ordering remand so that the

19  ALJ could articulate specific and appropriate findings, if any existed,

20  for rejecting the claimant's subjective pain testimony).  On remand, the

21  ALJ   must   revisit   plaintiff's   testimony   and   must   either   credit

22  plaintiff's   testimony   *or*   give   clear   and   convincing   reasons   why

23  plaintiff's testimony is not credible.   Additionally, the ALJ must

24  either   credit   Dr.   Bagner's   opinion   or   provide   appropriate   reasons

25  supported by substantial evidence for rejecting it.  After doing so, the

26  ALJ   may   need   to   reassess   plaintiff's   RFC,   in   which   case   additional

27  testimony from a vocational expert likely will be needed to determine

28  what work, if any, plaintiff can perform.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   May 2, 2013

_Margaret A. Nagle_
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE